IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEXANDER MAYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00949 |
| ) | Judge Aleta A. Trauger |
| gpac, LLP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before the court is defendant gpac, LLP's Motion to Transfer Venue or Dismiss for *Forum Non Conveniens* (Doc. No. 12), filed with a supporting Brief (Doc. No. 13). The plaintiff opposes the motion (Doc. No. 15), and the defendant filed a Reply in further support of its position (Doc. No. 17). For the reasons set forth herein, the motion for transfer will be granted, and this case will be transferred to the United States District Court for the District of South Dakota, Southern Division.

**I.    BACKGROUND**

Plaintiff Alexander Mayer resides in Nashville, Tennessee. Defendant gpac, LLP ("gpac") is a South Dakota limited liability partnership with its principal place of business in Lincoln County, South Dakota. Mayer, while living in Nashville, was formerly employed by gpac as an "Account Executive," whose duties included "placing full-time or permanent placement workers, including architects and project architects, in the architecture, construction and real estate development industry," primarily in Colorado. (Doc. No. 1, Compl. ¶ 12.) Upon being hired, he signed an Account Executive Employment Agreement ("Employment Agreement") (Doc. No. 1-1), containing certain restrictive covenants. Mayer filed his Complaint for Declaratory Judgment

in this court on November 22, 2022, seeking a declaration that the restrictive covenants in the Employment Agreement are unenforceable.

The Employment Agreement incorporates a choice of law provision, pursuant to which the parties agreed that any dispute between them would be governed by South Dakota law. (Employment Agreement § 16.) It also includes a forum selection clause, which states unequivocally that "[t]he sole and exclusive forum" for resolving any dispute arising between Mayer and gpac "arising out of or relating to" Mayer's employment by gpac, during or after the employment relationship, "shall be in either the South Dakota Circuit Court for Second Judicial Circuit or the United States District Court for the District of South Dakota, Southern Division" and that those courts "shall have sole and exclusive personal jurisdiction over them for purposes of any dispute" arising out of the parties' employment relationship. (*Id.* § 17.1.)

The Employment Agreement also has an arbitration provision that purports to authorize gpac, "[i]n its sole discretion," to submit any dispute between the parties to binding arbitration. (*Id.* ¶ 18.2.) gpac has not invoked this provision. The Agreement states that, in the event gpac chooses not to submit a dispute to arbitration, the forum selection clause set forth in § 17.1 applies.

The Complaint alleges that Mayer was employed by gpac from August 2019 through July 2022. In August 2022, after his resignation from gpac, he went to work for another company, also a recruiting business, for which his job is to "identify candidates for placement for permanent roles [for] clients located exclusively in Austin, Texas." (Compl. ¶ 24.) Shortly after Mayer began his new employment, gpac contacted him regarding whether he intended to comply with the restrictive covenants in the Employment Agreement. Discussions between his new employer and his former employer regarding the scope and enforceability of the Agreement ensued over the next couple of months. Mayer alleges that, on November 17, 2022, gpac advised Mayer's new employer that, if

the new employer did not immediately terminate Mayer's employment, gpac would file suit in South Dakota to enforce the restrictive covenants.

Mayer, anticipating that lawsuit, filed this declaratory judgment action on November 22, 2022. gpac filed suit in the Second Judicial District of South Dakota, Lincoln County, on November 28, 2022. Mayer promptly removed that case to the U.S. District Court for South Dakota and filed a motion to transfer venue or stay the litigation in that case. *See gpac LLC v. Alexander Mayer and Green Key Resources LLC*, Case No. 4:22-cv-04167-KES (S.D.). This court takes judicial notice that the motion to transfer is still pending in the South Dakota District Court.

The defendant then filed its Motion to Transfer Venue in this court. gpac's primary argument is that the court should enforce the forum selection clause in the Employment Agreement and transfer venue under 28 U.S.C. § 1404(a).[1] It asserts that the forum selection clause is applicable, enforceable, and not obtained by fraud, duress, or other unconscionable means, and that other factors relevant under § 1404(a) weigh in favor of transfer. It also maintains that the court should disregard the so-called "first-filed" (or "first-to-file") rule under the circumstances presented here.

The plaintiff argues, in response, that the court should retain jurisdiction under the first-filed rule, that the forum selection clause is unenforceable, and that the § 1404(a) factors generally weigh in favor of this court's retention of jurisdiction over this case (and against dismissal under the doctrine of *forum non conveniens*).

---

[1] Alternatively, if the South Dakota District Court grants the motion to remand to state court, gpac requests that this court dismiss the Complaint in this court under the doctrine of *forum non conveniens*.

## II.     DISCUSSION

### A.     28 U.S.C. § 1404

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This provision "give[s] district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerabo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).

Generally, the defendant carries a heavy burden in establishing that a plaintiff's choice of forum should be disturbed. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Under ordinary circumstances, a court reviewing a motion to transfer venue must "consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

The Supreme Court has recognized, however, that a party may enforce a contractual forum selection clause through a motion to transfer venue under § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 59 (2013). "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59–60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

In the Sixth Circuit, evaluating a forum selection clause is a two-step process. *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 215 (6th Cir. 2021). First, the court determines whether a forum selection clause is "applicable to the claims at issue, mandatory, valid, and enforceable." *Id.* If so, then the plaintiff's "choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing]

entirely in favor of the preselected forum.'" *Id.* (quoting *Atl. Marine*, 571 U.S. at 63–64). At the second step, the plaintiff "bears the burden of showing that the public interest factors weigh heavily against [transfer]." *Id.* at 216. The public interest factors generally include "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* at 215 n.2 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 500 (6th Cir. 2016)). However, because the public interest factors "will rarely defeat" a valid forum selection clause, "the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

    **B.    Step One: The Forum Selection Clause is Applicable, Mandatory, Valid, and Enforceable**

Mayer does not dispute that the forum selection clause applies to his claims, but he asserts that the clause is permissive rather than mandatory and that it is invalid and unenforceable.

    *1.    The Forum Selection Clause Is Mandatory*

As the Fifth Circuit has explained, a mandatory forum selection clause "requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive [clause] is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). A forum selection clause is mandatory "only if it contains clear language specifying that litigation *must occur* in the specified forum." *Id.* (emphasis added); *see also N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one.").

The forum selection clause in this case, as set forth above, contains mandatory language providing that the parties agree that they are subject to personal jurisdiction in the federal and state courts of South Dakota and that "the sole and exclusive forum" for all claims arising under the Employment Agreement" "shall be in either the South Dakota Circuit Court for Second Judicial Circuit or the United States District Court for the District of South Dakota." (Employment Agreement § 17.1.) "Shall," particularly in conjunction with "sole and exclusive," indicates that the provision is mandatory. *Accord Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement.").

The plaintiff attempts to avoid the conclusion that the forum selection clause is mandatory by arguing that the presence of an arbitration clause in the Employment Agreement renders the forum selection clause permissive rather than mandatory. The plaintiff is incorrect. First, courts generally agree that "mandatory arbitration clauses and forum-selection clauses are not mutually exclusive, but rather are complementary." *Branch v. Mays*, 265 F. Supp. 3d 801, 805 (E.D. Tenn. 2017) (collecting cases). Moreover, the language in the arbitration clause itself reconfirms that, if arbitration is not selected, the mandatory forum selection clause remains in effect. (*See* Employment Agreement § 18.2 ("For any Dispute that Company chooses not to submit to binding arbitration, . . . the exclusive forum selection and consent to jurisdiction provisions in Section 17 of this Agreement shall apply . . . .").) Arbitration has not been invoked in this case, and the mandatory forum selection clause remains in effect. The plaintiff has failed to show that the clause is permissive rather than mandatory.

  2. *The Forum Selection Clause Is Valid and Enforceable.*

The plaintiff also argues that the forum selection clause is invalid and unenforceable, because it is the result of "overreaching" by gpac and uneven bargaining power between the

parties. (Doc. No. 15, at 16.) He insists that enforcing the clause will "hijack his right to retain jurisdiction [in this court] under the first-filed doctrine" and would be "unfair, unjust, and unreasonable." (*Id.* at 17.)

Courts considering the enforceability of forum selection clauses in employment agreements have regularly rejected arguments that the imbalance in power between employees and employers renders such clauses invalid. *See, e.g.*, *Beatty v. ACNTV*, No. 3:21-CV-341-KAC-JEM, 2023 WL 2394523, at *3 (E.D. Tenn. Mar. 7, 2023) (enforcing forum selection clause in employment context where the plaintiff failed to show that the forum-selection clause was "'obtained through duress' or unconscionable"); *Veteran Payment Sys., LLC v. Gossage*, No. 5:14CV981, 2015 WL 545764, at *5 (N.D. Ohio Feb. 10, 2015) ("Even in the employment setting, where the parties may not have equal bargaining power and the employee may not be a sophisticated business person, courts have enforced such clauses absent fraud or manifest injustice." (collecting cases)).

Mayer has not shown that the forum selection clause in his Employment Agreement was the result of fraud, duress, or coercion or that he is a particularly unsophisticated employee, incapable of understanding the agreement he signed. In short, he has not shown that the forum selection clause is invalid or unenforceable.[2]

---

[2] To the extent Mayer is suggesting that the clause is invalid because the Employment Agreement was presented to him after he was already employed, the defendant has shown that the Employment Agreement he signed on the day he was employed contained the same forum selection clause. The revised Employment Agreement signed a few months before he resigned apparently differs from the original only insofar as it incorporates the arbitration provision. Because the defendant has not invoked the arbitration provision, the validity of that clause is not at issue. (Compare Doc. No. 1-1 with Doc. No. 14-1.)

### 3. The "Private Factors" Are Not Relevant

Mayer argues at length that the private factors relevant to a motion under § 1404(a) weigh strongly in favor of this court's retaining jurisdiction. (*See* Doc. No. 15, at 18–22.) As noted above, however, if the forum-selection clause is "applicable to the claims at issue, mandatory, valid, and enforceable," then the plaintiff's "choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside Surface.*, 16 F.4th at 215. The court proceeds, therefore, to step two of the analysis.

### C. Step Two: The Public Interest Factors Do Not Weigh in Mayer's Favor

The plaintiff argues generally about judicial economy, the comparative costs of litigation, and each party's ability to enforce a judgment, but these are private interests particular to the parties in this case. He has not shown that *public interests*, such as "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws . . . ; and the unfairness of burdening citizens in an unrelated forum with jury duty" weigh strongly—or at all—in favor of declining to enforce the forum selection clause. The court notes that the plaintiff alleges that he placed few candidates for gpac in Tennessee, even though he is based here. More importantly, the Employment Agreement provides that South Dakota law applies to any dispute arising out of the employment relationship. While Mayer argues that gpac cannot show that the balance of factors weighs in favor of transfer, it is actually his burden to make the stronger showing, in light of the existence of a valid and enforceable forum selection clause. He has not done so.

Finally, insofar as the plaintiff may be arguing that the first-to-file rule should override the forum selection clause, the court is not aware of any opinion holding that the first-to-file rule trumps a valid and enforceable forum selection clause. To the contrary, the presumption is that the first-to-file rule cedes to the parties' agreement as to the appropriate forum. *See, e.g.*, *Cormeum Lab Servs., LLC v. Coastal Laboratories, Inc.*, No. CV 20-2196, 2021 WL 5405219, at *6 (E.D. La. Jan. 15, 2021) ("The first-to-file rule cannot override the parties' forum selection clause."); *DEL Corp. v. Wildcat Fluids, LLC*, No. CV 6:20-00588, 2020 WL 7374237, at *5 (W.D. La. Sept. 16, 2020) ("[T]he first-to-file rule is not a legitimate basis for [the defendant] to escape its contractual obligation to litigate claims in the parties' agreed upon forum." (collecting cases)), *report and recommendation adopted*, No. CV 6:20-00588, 2020 WL 7379967 (W.D. La. Dec. 15, 2020).[3]

In sum, this is not an unusual case where "extraordinary circumstances" compel the court to disregard a valid forum-selection clause. See *Atl. Marine*, 571 U.S. at 62.

### III. CONCLUSION

For the reasons set forth herein, the defendant's Motion to Transfer Venue will be granted. The alternative motion to dismiss for *forum non conveniens* will be denied. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge

---

[3] Because the first-to-file rule does not trump the forum selection clause, the court has no need to consider the parties' arguments as to whether it should apply in this case.